CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED C'ville
FEB 24 2015
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

DORIS MAE DEY, ET AL,

*Plaintiffs,*

v.

DALE B. DURRER, ET AL,

*Defendants.*

CIVIL NO. 3:15CV00006

**MEMORANDUM OPINION AND ORDER**

JUDGE NORMAN K. MOON

The pro se Plaintiffs filed an application to proceed without prepaying fees or costs, along with a complaint. I hereby grant Plaintiffs' motion and dismiss the complaint pursuant to 28 U.S.C. § 1915 for failure to state a claim upon which relief may be granted.

Under 28 U.S.C. § 1915, district courts have a duty to screen initial filings and dismiss a complaint filed in forma pauperis "at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted. . . ." 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); *see also Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006). "[Section] 1915 permits district courts to independently assess the merits of in forma pauperis complaints, and 'to exclude suits that have no arguable basis in law or fact.'" *Eriline*, 440 F.3d at 656 (quoting *Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 954 (4th Cir. 1995)).

Plaintiffs fail to state a legal claim upon which relief may be granted. The complaint consists mostly of legal conclusions, although I can discern that it accuses the only named defendant, a Virginia general district court judge, of having presided over an unlawful detainer proceeding against Plaintiffs after the foreclosure sale of a property they inhabited. Judges are

immune from damages liability for judicial acts, even those committed in clear absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). This immunity is not lost because an action is taken in error, done maliciously, or exceeded the judge's authority. *Id.* at 355-56; *see also Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985).

Regarding the other defendants identified in the style of the complaint,[1] no conduct of any other person is described, although the complaint recites many legal conclusions and citations thereto. Principles requiring generous construction of pro se pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). And, although district courts have a duty to construe pro se pleadings liberally, a pro se plaintiff must nevertheless allege facts that state a cause of action, and district courts are not required "to conjure up questions never squarely presented to them."[2] *Beaudett*, 775 F.2d at 1278 (adding that "[d]istrict judges are not mind

---

[1] The style of the complaint lists the following defendants: "Dale B. Durrer *doing business as* Judge Dale B. Durrer"; "Defendant John Does 1-100"; "Defendant Doe Governments 1-100"; "Defendant Doe Agencies 1-100"; "Defendant Doe Municipalities 1-100"; "Defendant Doe Instrumentalties 1-100"; "Defendant Jane Doe 1-100"; and "Defendant Doe Entities 1-20."

[2] A court is not obliged to ferret through a complaint, searching for viable claims. *See Holsey v. Collins*, 90 F.R.D. 122 (D. Md.1981) (although pro se complaint contained potentially viable claims, the court properly dismissed without prejudice under Rule 8 of the Federal Rules of Civil Procedure because voluminous, repetitive, and conclusory complaint is not a "short and plain statement" of facts and legal claims; the court specifically observed that dismissal under Rule 8 was proper because such a complaint "places an unjustifiable burden on defendants to determine the nature of the claim against them and to speculate on what their defenses might be," and "imposes a similar burden on the court to sort out the facts now hidden in a mass of charges, arguments, generalizations and rumors"); *see also Spencer v. Hedges*, 838 F.2d 1210 (Table) (4th Cir. 1988). In the context of Rule 8, it is clear that a plaintiff must provide enough detail to illuminate the nature of the claim and allow defendants to respond. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). As previously noted, aside from the general district court judge, who is immune from
(continued...)

readers").

Plaintiffs are advised that, although "detailed factual allegations" are not required, the "obligation to provide the 'grounds' of [their] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"; in other words, their "factual allegations must be enough to raise a right to relief above the speculative level. . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). Accordingly, courts are entitled to dismiss claims when the pleadings are "conclusory." *Id.*, 556 U.S. at 681 ("To be sure, we do not reject these bald allegations on the ground that they are unrealistic or nonsensical. . . . It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth.").

For these reasons, the motion to proceed in forma pauperis is **GRANTED**, and the Clerk of the Court is **DIRECTED** to file the complaint, which is hereby **DISMISSED without**

---

²(...continued)
liability, the complaint does not properly name any defendant from whom a response could be sought.

The complaint does not comply with the requirements of Rule 8. Rule 8(a)(1) calls for "a short and plain statement of the grounds for the court's jurisdiction," Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 8(d)(1) requires that each averment of a pleading be "simple, concise, and direct." A pleading "does not have to set out in detail the facts on which the claim for relief is based," 2 Moore's Federal Practice ¶ 8.04[1], at 8-22 (3d ed. 2002), but must give the court and the defendant "fair notice of what that plaintiff's claim is and the grounds upon which it rests." *Swirkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Here, the complaint is not a "short and plain statement," nor is it "concise and direct," as required by Rule 8, and it could be dismissed on that alternative ground. "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986))).

**prejudice**, and the case is **STRICKEN** from the court's active docket.

It is so **ORDERED**.

The Clerk of the Court is hereby directed to send a certified copy of this order to the pro se Plaintiffs.

Entered this 24th day of February, 2015.

*Norman K. Moon*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE